**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUOMAN CHEN,<br><br>      Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 10-73481<br><br>Agency No. A070-036-839<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Luoman Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for an abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen. *He v. Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007). We deny the petition for review.

The BIA did not abuse its discretion by denying Chen's motion to reopen as untimely because the motion was filed over thirteen years late, *see* 8 C.F.R. § 1003.2(c)(2), and, even accepting Chen's and his family's claims as true, he failed to demonstrate a material change in circumstances in China to qualify for the regulatory exception to the time limit for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Lin v. Holder*, 588 F.3d 981, 988-89 (9th Cir. 2009) (record did not establish change in family planning laws or enforcement of such laws that would establish changed country conditions excusing untimely motion to reopen); *He*, 501 F.3d at 1132 (change in personal circumstances does not establish changed circumstances in country of origin). Because the BIA considered Chen's evidence in reaching its conclusion, we reject Chen's contention that the BIA dismissed his evidence as not credible. Finally, we lack jurisdiction to review the BIA's discretionary decision declining to exercise its sua sponte authority under 8 C.F.R. § 1003.2(a). *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**